Shirley EVERETT–DICKO; E & J BBQ Food Service LLC, dba Everett and Jones BBQ Coliseum, Plaintiffs—Appellants,

v.

OGDEN ENTERTAINMENT SERVICES, INC.; Bay Area Sports Catering; Oakland–Alameda County Coliseum Authority, a joint powers authority; Bay Area Sports Management; Levy Limited Partnership; Coliseum Food Services; Spectorcore Management Group, Defendants—Appellees.

No. 01–15340.

D.C. No. CV–99–00137–SI.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2002.

Decided May 2, 2002.

Before THOMPSON, FLETCHER, and BERZON, Circuit Judges.

## MEMORANDUM *

Plaintiffs Shirley Everett–Dicko and E & J BBQ Food Service LLC appeal the dismissal for failure to state a claim of their federal and state law claims against two private parties, Ogden Entertainment Services, Inc. and Bay Area Sports Catering (the "private defendants") and a political subdivision of the State of California, the Oakland–Alameda County Coliseum Authority (the "Authority"). Because the facts are familiar to the parties, we recount them only as necessary to explain our decision.

1. The district court erred in dismissing the plaintiffs' causes of action against the private defendants under 42 U.S.C. § 1981. The complaint stated that the defendants acted as they did "because of [Everett–Dicko's] race or color," as well as "because [the plaintiffs] opposed racial or color discrimination." The district court held these statements too conclusory to allege adequately an intent to discriminate. *Swierkiewicz v. Sorema*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), however, recently rejected just such a view of federal pleading requirements as applied to discrimination claims.

Unless a specific exception applies, Federal Rule of Civil Procedure 8(a)(2) sets out the pleading requirements applicable to all claims, including claims alleging discrimination. *Swierkiewicz*, 122 S.Ct. at 997; *see also Leatherman v. Tarrant*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). Rule 8(a)(2) states that a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." There is no requirement that the plaintiff plead facts establishing a prima facie case of discrimination. *Swierkiewicz,* 122 S.Ct. at 997. Rule 12(b)(6), in turn, allows for dismissal when "there is a failure to state a claim upon which relief can be granted." Here, it is not clear "that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz,* 122 S.Ct. at 998 (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)). The plaintiffs' complaint therefore meets the applicable pleading standards.

We note as well that there are several allegations in the complaint regarding specific acts of race or sex discrimination or retaliation by the private parties, including, for example, the allegation that Everett–Dicko was denied the right to be designated a premium provider because of her "race or color or gender," and therefore had to pay a higher commission. Third Amended Complaint, 8–9. That (and similar allegations) may or may not be true, but such allegations are certainly sufficient to survive a motion to dismiss.

█ 2. For similar reasons, the § 1981 allegations against the Authority regarding discriminatory conduct and retaliation were sufficient to survive a motion to dismiss. The district court dismissed these claims because "[a]n allegation that there is a policy of 'limiting the economic opportunities for African American businesses' does not describe facts supporting the existence of any policy."

Under Rule 8(a)(2), though, a plaintiff need not describe such facts, so long as it

has alleged that an unlawful policy exists. *Cf. Karim–Panahi v. Los Angeles Police Dept.,* 839 F.2d 621, 624 (9th Cir.1988) ("a claim of municipal liability under section 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice"). Additionally, the complaint contained some allegations of specifically delineated discriminatory practices or policies of the Authority.

The Authority also argues that we should not abide by *Federation of African American Contractors ("FAAC") v. City of Oakland,* 96 F.3d 1204 (9th Cir.1996), which held that § 1981(c) provides a separate cause of action against municipal defendants. A Ninth Circuit panel may not overrule a prior Ninth Circuit decision, so we are bound by *FAAC. Hart v. Massanari,* 266 F.3d 1155, 1171 (9th Cir.2001).

█ 3. We reverse the district court's dismissal of the 42 U.S.C. § 1983 claims against the private defendants. In order to withstand a motion to dismiss, a plaintiff must allege that the defendant deprived it of its constitutional rights and that the defendant acted under the color of state law. *See Miranda v. Clark County,* 279 F.3d 1102, 1106 (9th Cir.2002).

We first note that the plaintiffs have failed to state a claim under a number of state action theories. The plaintiffs have not alleged that the Authority and the private defendants were entwined in such a way as to convert the private defendants into state actors. An allegation that the actions of private and public defendants "were intertwined and essential to carrying out the functions" of the private defendants does not allege organizational entwinement under *Brentwood Academy v. Tennessee Secondary School Athletic*

*Ass'n,* 531 U.S. 288, 121 S.Ct. 924, 148 L.Ed.2d 807 (2001). Under *Brentwood,* entwinement occurs when structural overlap between private and public defendants exists, not when parties simply work together. *Id.* at 300 (public officials performed "all but the purely ministerial acts" of the state actor private association).

The private defendants also are not state actors under a public function theory. Providing food at a ballpark is not a function that has been "traditionally the *exclusive* prerogative of the State." *Rendell–Baker v. Kohn,* 457 U.S. 830, 839–43, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982) (emphasis in original) (quoting *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 353, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974)).

Furthermore, the Authority's decision to contract with the private defendants to provide food services cannot convert the private defendants into state actors. *Brentwood Academy* 531 U.S. at 299 (citing *Rendell–Baker,* 457 U.S. at 839–43).

Finally, the plaintiffs cannot rely on *Burton v. Wilmington Parking Authority,* 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961), as they have not alleged "that the State profited from the private entity's *discriminatory conduct,*" (as opposed to from the private entity's overall operations). *Morse v. North Coast Opportunities, Inc.,* 118 F.3d 1338, 1341 (9th Cir. 1997) (emphasis added); *see also Rendell–Baker,* 457 U.S. at 843.

Despite all of these shortcomings, one plausible theory of state action is stated on the face of the plaintiffs' complaint. The plaintiffs allege that the Authority "was a wilful participant with [the private defendants] in joint action that deprived Plaintiffs of their right to make and enforce contracts on an equal basis with Caucasian and male-owned businesses." Third Amended Complaint, 15. Under *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 941, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982), "a private party's joint participation with state officials" in an allegedly unconstitutional act "is sufficient to characterize that party as a 'state actor' for the purposes of the Fourteenth Amendment." *See also Brentwood Academy,* 531 U.S. at 296. As a result, to the extent that the plaintiffs' complaint relied on a joint-participation theory, it has alleged § 1983 cause of action against the private defendants.

■ 4. We reverse the district court's dismissal of the § 1983 claims against the Authority. According to the plaintiffs' complaint, the Authority violated the plaintiffs' constitutional rights in two ways: First, the Authority's policies either compelled or condoned the constitutional violations allegedly committed by the private defendants. Second, the complaint alleges that the Authority itself violated the plaintiffs' constitutional rights. *See, e.g.,* Third Amended Complaint, 18–19 (the Authority "intentionally and unlawfully denied Plaintiffs an equal opportunity to the ... privileges provided to Caucasian and male-owned businesses on account of Plaintiff Everett–Dicko's race").

To the extent the plaintiffs' claims rely on the first theory, they hinge on the success of the plaintiffs' allegations that the private defendants acted under color of law. If the private defendants did not act under color of law, their actions cannot support a cause of action under § 1983 against anyone, including a public entity. To the extent, however, the plaintiffs allege that the Authority acting on its own violated the constitutional rights of the plaintiffs, the plaintiffs' claim does not depend on whether the private defendants acted under color of state law.

■ 5. We affirm the district court's dismissal of the plaintiffs' claim brought under Cal. Bus. & Prof.Code § 17200.

While § 17200 allows for equitable relief, it does not authorize an award of damages. *Cacique, Inc. v. Robert Reiser & Co., Inc.,* 169 F.3d 619, 624 (9th Cir.1999). To avoid this limitation, the plaintiffs characterize the monetary relief they seek as equitable "make whole" relief for the defendants' alleged misappropriation of their goodwill.

A money award flowing from misappropriated goodwill is not equitable relief. One difference between damages and equitable relief is that damages substitute for a loss, while an equitable remedy "attempt[s] to give the plaintiff the very thing to which he was entitled." *Bowen v. Massachusetts,* 487 U.S. 879, 895, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988) (internal quotations and citations omitted). Any remedy for the plaintiffs' misappropriated good will in this case would be a substitute for the loss to their reputation with potential customers, as it is not possible at this juncture to return their reputation to the plaintiffs. As the plaintiffs have thus failed to allege that they are entitled to equitable relief, they have failed to state a claim under § 17200.

■ 6. We also affirm the district court's dismissal of the plaintiffs' claim under California Constitution, Article I, § 8. A claim may be brought directly under § 8 "only ... where a plaintiff has been denied entrance into a profession or particular employment or terminated from the same." *Strother v. Southern California Permanente Medical Group,* 79 F.3d 859, 871 (9th Cir.1996). As such, § 8 does not support a private cause of action for refusal to contract.

■ 7. Lastly, we reverse the district court's dismissal of the plaintiffs' claim brought under the California Constitution, Article I, § 31. Section 31 applies only to discriminatory action by the state. Because we hold above that the plaintiffs' have alleged that the private defendants are state actors because they jointly participated in discriminatory acts with a public entity, a claim under § 31 may possibly lie against them. In addition, the Authority *is* a state subdivision, so the plaintiffs have stated a claim against it. To the extent that the plaintiffs' § 31 claim against the Authority relies on actions taken by the private defendants, the claim cannot go forward unless the private defendants' actions can be attributed to the government. But to the extent the claim alleges that the Authority itself violated § 31, the plaintiffs' claim can go forward whether or not the private defendants are state actors. *See* Third Amended Complaint, 24 ("Defendants intentionally, wilfully and without justification wrongfully created among themselves and for the benefit of each other a preference based on their race and color.")

We AFFIRM in part and REVERSE in part the district court's dismissal of the plaintiffs' claims.